HENDRIX COLLEGE *v.* ARKANSAS TOWNSITE COMPANY.

Opinion delivered March 2, 1908.

1. TRUST—WHO MAY SUE TO ENFORCE.—Where property was conveyed for the purpose of maintaining an academy to the trustees of Hendrix College in trust for the Methodist Episcopal Church, South, in Arkansas, and the conveyance stipulated that, in case it shall be necessary for any reason to separate the college and the academy, the academy shall be held for the purposes of the trust by trustees appointed by the annual conference of said church in which the academy is situated, the presiding elder of such conference, whose duty it is to look after the property of the church within the bounds of the conference, was interested, both in his individual and representative capacity, as a *cestui que trust,* and has a right to call the trustees to account in equity and prevent a violation of the trust. (Page 450.)

2. SAME—POWER OF EQUITY TO APPOINT TRUSTEES.—Where trustees who were appointed by the terms of a deed of trust to hold the trust property for the annual conference of the Methodist Episcopal Church, South, sought to make an illegal disposition of such trust property, it was proper for a court of equity to appoint trustees to hold the property temporarily until trustees could be appointed at the annual conference of the church. (Page 451.)

Appeal from Polk Chancery Court; *James D. Shaver,* Chancellor; affirmed.

Appellant, *pro se.*

1. The deed from appellee to appellant is supported by a valuable consideration, and conveys a complete estate of inheritance. Kirby's Digest, § 733. It is to Hendrix College in trust for the Methodist Episcopal Church, South, in Arkansas, for the purpose therein named. Appellee had no right to interfere with the Methodist Episcopal Church, South, in Arkansas, in the control of the academy property through its agent, the appellant, and this agent is accountable only to the church, and not to appellee. 71 Ark. 494 and cases cited; 73 Ark. 211; 74 Ark. 545; 79 Ark. 532, 550.

2. The church, through its twenty-one members of the Hendrix Board, was in full and complete possession and control, and they were authorized to make the lease; the decree depriving the church, through its Board, of control, and placing it in control of one conference, was erroneous. The length of the term of the lease is no objection to it. 2 Blackstone, 142; 2

Kent, 419; 6 Cyc. 960; 28 New Enc. 1008; 63 Md. 166; 103 Ind. 449; 26 S. W. 187.

3. R. R. Moore was without right to intervene. 3 L. R. A. (N. S.) 227.

*W. H. Arnold,* for appellee.

That the facts as found by the court are warranted by the evidence is not denied, and under these facts no other decree could be sustained.

On behalf of appellee Moore, see 79 Ark. 550.

Appellant Wooten, not having made or saved any exceptions to the decree below, has no standing here.

McCULLOCH, J. The Arkansas Townsite Company, a Missouri corporation,, by its deed dated October 25, 1900, conveyed to Hendrix College, a corporation organized and existing under the laws of the State of Arkansas, for a consideration of one dollar expressed in the deed, certain lots of real estate in the town of Mena, Arkansas. The purposes of the conveyance were expressed in the habendum clause of the deed, which is as follows:

"To have and to hold the same unto the said Hendrix College, its successors and assigns forever, for the uses and purposes herein mentioned, in trust, nevertheless, for the following purposes, that there shall be erected and forever maintained thereon an academy of high grade to be owned by and under the control of the Trustees of Hendrix College in trust for the Methodist Episcopal Church, South, in Arkansas, but to be separate trust distinct from the trust of said college proper, so that neither Hendrix College nor the Academy, under the provisions of the constitution and by-laws of said Hendrix College, shall be liable for any debts or obligations of each other, or one for the other, provided that, after said Academy shall have been maintained for a period of fifteen years, said Hendrix College may sell the same for the purpose of re-investing the proceeds thereof in another similar school in said town of Mena. In case that it shall be necessary for any reason to separate the College aforesaid and the Academy herein provided for, established upon said real estate at said town and village under the constitution and by-laws of Hendrix College, the Academy erected on the above and foregoing tract of land

shall be held for the above purposes by the trustees appointed by the Annual Conference of the Methodist Episcopal Church, South, in which said Academy is situated."

This conveyance was executed pursuant to an agreement between the Townsite Company and certain citizens of the town of Mena, whereby the latter subscribed and paid for the former $10,000 on condition that the former should construct a building on said lots for educational purposes and convey the same to Hendrix College for the purposes named in said deed.

Hendrix College accepted the conveyance and the trust therein created, and proceeded to operate a school in accordance with the provisions of the trust. After finding that the school could not be successfully and profitably maintained on account of lack of patronage, Hendrix College leased the property to J. E. Wooten on April 4, 1906, for a term of 99 years, with a provision that at the end of that term the lessee should have the privilege of a renewal of the lease for another term of 99 years. A written lease contract was executed, binding the lessee to conduct on said property a school of high grade, of the rank of an academy, such as the one then being conducted, and granting certain privileges to the students of Hendrix College. In consideration of the lease, Wooten conveyed to Hendrix College in fee simple certain lots in the town of Mena on which a hotel building was located.

On June 9, 1906, the Arkansas Townsite Company and some of the citizens who had contributed to the aforesaid subscription commenced this suit in equity against Hendrix College and J. E. Wooten, praying that said lease to Wooten be cancelled, and that said property (the academy property) be declared forfeited to the Townsite Company, and that, if that could not be done, the title to the hotel property be divested out of the College and vested in the citizens of Mena. The complaint sets forth the facts herein recited, and alleges that Hendrix College had failed to operate a high grade academy in accordance with the provisions of the trust.

Hendrix College filed its answer, denying that it had failed to carry out the trust by keeping a high grade school, except as prevented by lack of patronage and funds; and that it had leased the property to Wooten and appropriated all the net in-

come from the hotel to assist in building up the school to the standard required by the trust. Wooten also filed his separate answer, denying that the trust had been violated by Hendrix College, and alleged that he was then conducting a high grade academy on the property in accordance with the provisions of the trust and the terms of his contract with the College.

On August 27, 1906, R. R. Moore, in his own right as a member of the Little Rock Conference of the Methodist Episcopal Church (within the bounds of which the academy is situated), and as presiding elder of the Texarkana District, and as secretary of education for said conference, and also on behalf of said Methodist Church of the Little Rock Conference, filed his complaint in the cause asking that he be allowed to intervene in said suit for the protection of the interests of said church and conference, and praying that said lease to Wooten be cancelled, and that commissioners or trustees be appointed by said court to take charge of said property until trustees could be appointed by the Little Rock Conference in accordance with the provisions of the trust. He alleged in substance that Hendrix College had violated the trust in failing to maintain said academy and in leasing the property to Wooten.

At the final hearing of the cause, the court refused to decree a forfeiture of the property to the Townsite Company as prayed in the original complaint, but decreed that Hendrix College had failed to carry out the terms of the trust and had violated the trust by leasing the property to Wooten, and cancelled said lease and appointed R. C. Dood, G. L. Lochridge and W. E. Anderson as trustees of said trust "for and until such time as the Methodist Episcopal Church, South, in Arkansas, through its Little Rock Conference, shall appoint trustees therefor as provided for in said trust, and that all title, right of possession, control and management heretofore possessed by the defendant, Hendrix College, be and the same is hereby decreed to vest in said trustees." Hendrix College excepted to the decree of the court, and prayed and obtained an appeal to this court. Afterwards J. E. Wooten obtained an appeal from the clerk of this court.

It will be observed that the chancellor refused to decree that the title to the property reverted to the grantor on account

of the failure of Hendrix College to carry out the trust. The only question for us to determine, therefore, is whether Hendrix College, having refused to carry out the trust and attempted to lease the property to Wooten, violated the trust, and whether or not appellee Moore has any proper status in court to require that the trust be carried out according to its terms.

It is admitted that Hendrix College had failed to maintain the school, and had, by its lease to Wooten, abandoned all efforts ·to do so. The deed creating the trust contains no power to lease the property, but, on the contrary, it provides that, should it become necessary to separate the academy from the college, the property shall be held by the trustees appointed by the annual conference of the Methodist Episcopal Church, South, in the bounds of which the academy is located. This clearly implies that there shall be no separation in any other way. And when Hendrix College surrendered its control of the academy by leasing the property to another, it failed to carry out the trust, and its rights and powers passed to such trustees as the church conference should appoint. Appellee Moore is not only a member of that church, but an officer of the church and conference, whose duty it is to look after the property of the church within the bounds of the district and conference. The deed provides that the property shall be held in trust for the Methodist Episcopal Church, South, in Arkansas; and that its control shall pass into the hands of other trustees, to be appointed by the conference, in the event that it shall be necessary to separate the academy from the college. Appellee Moore, both in his individual and representative capacity, is interested as a *cestui que trust,* and has a right to call the trustees to account in equity and to prevent a violation of the trust. *MacKenzie* v. *Trustees,* 67 N. J. Eq. 652; *Everett* v. *First Presbyterian Church,* 53 N. J. Eq. 500; *Watson* v. *Jones,* 13 Wall. 679; *Milligan* v. *Mitchell,* 3 Myl. & C. 83; *Foley* v. *Wontner,* 2 Jac. & W. 245.

But appellant offered evidence to the effect that, under the laws of the church, the incorporated Board of Trustees of the Methodist Episcopal Church, South, at Nashville, Tenn., must receive, collect and hold in trust for the benefit of the church all donations, legacies and grants of land and personal estates

that may be given or conveyed to it, and administer the same under the directions of the general conference. And it is insisted by appellants that, under this law of the church, the trustees appointed by the Little Rock Conference could assume no control over the property. This might be true if the deed had not expressly provided that in the event named the trust should be carried out by the trustees appointed by the conference of the church in which the academy is situated. We must look to the instrument which created the trust in order to determine its conditions and to determine who may be impowered to execute it. The grantor who created the trust had the power to determine this, and has done so fully by expressly providing how the trustees to control the property shall be named. As equity will not permit a trust to fail for want of a trustee, it was proper for the court to appoint trustees to hold the property temporarily until trustees could be appointed at the annual conference. 3 Pom. Eq. Jur. § 1087.

We are therefore of the opinion that the decree of the chancellor was correct, and should be affirmed. A majority of the court is of opinion, however, that the chancellor should, in order to grant complete relief to the parties to the action, have decreed in favor of appellant Wooten for the cancellation of his deed to the Hendrix College conveying the hotel property; and the cause is remanded with directions to enter a further decree granting that relief. Inasmuch, however, as that relief concerns only the two appellants, Hendrix College and Wooten, the costs of appeal should be adjudged against the former, and not against appellees, and it is so ordered.